IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 20, 2002

## SHAUN LAMONT HEREFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 239059    Douglas A. Meyer, Judge**

---

**No. E2002-01222-CCA-R3-PC**
**November 13, 2002**

---

The petitioner, Shaun Lamont Hereford, appeals the Hamilton County Criminal Court's dismissal of his petition for post-conviction relief, in which he alleged void convictions, misrepresentation by his trial attorney, and that he was entitled to DNA analysis of physical evidence. Discerning no error in the trial court's dismissal of the petition without an evidentiary hearing, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Shaun Hereford, Appellant, Pro Se.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; William H. Cox, III, District Attorney General; and Rodney Strong, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The record on appeal contains little more than the post-conviction petition as supplemented, the court's order dismissing the petition, and the petitioner's notice of appeal. From the petition, we glean that the petitioner is challenging his 1994 convictions in numerous indictments for aggravated burglary and theft. He was convicted by a jury on some counts and pleaded guilty to the remaining counts. Apparently the judgments on the guilty-pleaded counts, if not the judgments in all counts, were entered on June 21, 1994. No appeal was taken.

On January 7, 2002, the petitioner filed a petition for post-conviction relief. In this petition as amended or supplemented, he alleged that his trial counsel represented to him that he would receive an effective Department of Correction sentence of 42 years for all of his June 21, 1994

convictions. The petitioner claimed that a Department of Correction "TOMIS"[1] letter dated October 6, 2001 advised him for the first time that his effective sentence was 52 years. He also claimed that his counsel had told him that, as a career offender, he *would be released* upon serving 60 percent of his sentence but that the TOMIS letter informed him that he would *only be eligible* for release after serving 60 percent of his sentence. Further, the petitioner claimed in his petition that the TOMIS letter revealed that the petitioner was serving sentences in cases in which he received no convictions. Finally, the petitioner moved the court for an order directing discovery of the state's trial exhibits of physical evidence so as to allow him to discern the proper exhibits to be the subject of DNA analysis, which he alleged would exonerate him from the crimes of which he stands convicted.

The petitioner alleged in his petition that his 2002 petition for post-conviction relief was not barred by the one-year statute of limitations because principles of due process compel that he be allowed to avoid the statute of limitations so as to present his claims of attorney misrepresentation. The petition recites that the DNA analysis claim is unfettered by any applicable statute of limitations.

The post-conviction court held that the Post-Conviction DNA Analysis Act of 2001, Tenn. Code Ann. §§ 40-30-401 to -413 (Supp. 2001), provides that a petitioner who challenges burglary or theft convictions pursuant to the Act may obtain no relief unless the same is "directed" by the trial court. The lower court declined to direct any discovery or DNA analysis on the grounds that many of the petitioner's convictions were the result of guilty pleas which were presented to the court upon agreed factual bases and in which the defendant admitted guilt.

The post-conviction court then opined that, to the extent that the petitioner sought to attack the Department of Correction's calculation of his sentences, the claim was not cognizable in a post-conviction proceeding. Finally, the lower court held that the claims of misrepresentation of counsel were barred by the post-conviction statute of limitations and that "due process does not require tolling of the limitations period or even an evidentiary hearing [because] any claim of misrepresentation on the part of counsel regarding the petitioner's release eligibility [did not arise] after commencement of the limitations period."

The court's order recited in a footnote that the TOMIS letter does not include any charges from the June 21, 1994 proceedings that were not described in the guilty plea petition. The post-conviction court concluded that trial counsel did not misrepresent the release eligibility date or the length of the effective sentence because the actual length of the June 21, 1994 effective sentence was in fact 42 years.

---

[1] In 1978 the Department of Correction implemented the Offender Based Computer Information System (OBCIS). In 1992 the department converted from OBCIS to the current system, the Tennessee Offender Management Information System. *See Jerome Streeter v. Tennessee Department of Correction*, No. M1999-02267-COA-R3-CV (Tenn. Ct. App., Nashville, Aug. 31, 2000).

Indeed, we note from the TOMIS letter and the guilty plea petition affixed to the post-conviction petition that the additional ten years was apparently derived from 1988 and 1990 convictions for larceny and burglary. For these convictions, the defendant received an effective incarcerative sentence of ten years, and the 1994 sentences were apparently imposed to run consecutively to these earlier sentences, as provided in the guilty plea submission petition.

Post-conviction relief is only available when "the conviction or sentence is void or voidable because of the abridgment" of a constitutional right. Tenn. Code Ann. § 40-30-203 (1997). The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence, *id.* § 40-30-210(f) (1997); however, if prior to the evidentiary hearing the trial court reviews the post-conviction record and determines "that the petitioner is entitled to no relief, the court shall dismiss the petition," *id.* § 40-30-209(a) (1997); Tenn. R. Sup. Ct. 28 § 6(B)(4)(a) (court may dismiss post-conviction petition that states no colorable claim).

Unless the post-conviction petition is filed within one year "of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final," the post-conviction claims are barred. Tenn. Code Ann. § 40-30-202(a) (1997); *see also Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001) (post-conviction claimant whose conviction was finalized between May 10, 1992 and May 10, 1995 has until May 10, 1996 to file a post-conviction petition).

First, we address the petitioner's claim that he is illegally and unconstitutionally serving sentences in the Department of Correction that are not based upon any imposed convictions. He claims that some of the convictions listed in the TOMIS report are not included in his June 21, 1994 plea petition. He argues that his claim is not barred by the statute of limitations because principles of due process entitle him to present a post-conviction claim which he has been denied a "reasonable opportunity to assert . . . in a meaningful time and manner." *See Williams*, 44 S.W.3d at 468.

We disagree and hold that the claim is barred by the statute of limitations. The petition makes no case that the petitioner was denied a reasonable opportunity to assert his post-conviction claim of illegal sentences; it merely asserts that the petitioner "discovered on or about 10/10/92 that he had been convicted and sentenced for offenses he had not pleaded guilty to." This allegation is insufficient to invoke due process considerations to toll the running of the post-conviction statute of limitations. *See Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996) ("[T]he petitioner's claimed lack of knowledge does not toll the statute [of limitations] for post-conviction purposes.")

Thus, post-conviction relief on this issue is barred by the post-conviction statute of limitations. That said, we are aware that the petitioner claims entitlement to attack an illegal sentence "at any time." *See, e.g., State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987); *State v. Burkhart,* 566 S.W.2d 871 (Tenn. 1978). This court has previously explained that the phrase "illegal sentence" is synonymous with the *habeas corpus* concept of a void sentence and is, therefore,

-3-

cognizable in a *habeas corpus* proceeding. *Cox v. State*, 53 S.W.3d 289, 292 (Tenn. Crim. App. 2001). However, the petitioner in the present case has failed to comply with the procedural requirements for filing and prosecuting a petition for writ of *habeas corpus*. *See* Tenn. Code Ann. § 29-21-107 (2000) (requiring verified petition, to which is appended a copy of the legal process upon which the restraint is based, and requiring that the petition state the specific facts of the petitioner's restraint and affirm that the claim of illegality of the restraint has not previously been brought and that the application is a first application for the writ, or if not, that a copy of any previous petition and proceedings be presented); *see also Cox*, 53 S.W.3d at 292. Thus, even though our Code sets forth no statute of limitations for quests to obtain a writ of *habeas corpus*, treating the petitioner's proceeding as one in *habeas corpus* is not beneficial to him.

As an aside, we note that we have considered whether Code section 29-21-104 compelled the trial court to consider *habeas corpus* relief, despite the petitioner's noncompliance with the requirements for *habeas corpus* proceedings. Section 29-21-104 provides that when a court with powers to issue the writ "has evidence, from a judicial proceeding, that any person within the jurisdiction of such court . . . is illegally imprisoned or restrained of his liberty, it is the duty of such court . . . to issue . . . the writ . . ., although no application has been made therefor." Tenn. Code Ann. § 29-21-104 (2000). However, in the present case, the record before us belies the petitioner's contention that his June 21, 1994 plea petition did not include charges that became the bases for convictions and sentences listed in the TOMIS letter. We have reviewed and compared the TOMIS list with the June 21, 1994 plea petition and find that no sentences are being executed upon June 21, 1994, convictions that are not contained in the June 21, 1994 plea petition.[2] Thus, the petitioner alleged no basis for the issuance of a writ of *habeas corpus*.

We now address the claim of misrepresentation by trial counsel and conclude that it is barred by the post-conviction statute of limitations. The petitioner claims that counsel misrepresented the length of the aggregate sentence resulting from the charges that were disposed of on June 21, 1994 and misrepresented the nature of the 60 percent release eligibility date. He argues that, in *Williams*, our supreme court established a rule that attorney misrepresentation tolls the post-conviction statute of limitations.

We point out that the *Williams* court was reviewing attorney "misrepresentation in failing to properly withdraw from representation [following this court's affirmance on appeal] and in failing to notify the petitioner that no application for permission to appeal would be filed." *Williams*, 44 S.W.3d at 468 n.7. In the present case, the petitioner alleges no actions by trial counsel that hampered the petitioner from presenting his claims or taking an appeal. Moreover, the petitioner's June 21, 1994 plea petition recites that the effective 42-year sentence imposed on the June 21, 1994 convictions would run consecutively to at least the seven-year effective sentence,

---

[2]We note that the TOMIS letter references a few convictions that emanated from judgment dates *other than* June 21, 1994. We also note that only the odd-numbered pages from the TOMIS letter were exhibited to the petitioner's supplemental petition and were included in the appellate record. The TOMIS letter reflects 22 convictions on June 21, 1994 for burglary or theft, and the plea petition reflects 32 such convictions, not counting misdemeanors.

which was imposed in 1990 to run consecutively to the 1988 three-year effective sentence.[3] The effective sentence yielded by the three sets of convictions is 52 years, the amount calculated by the Department of Correction.

Furthermore, in the face of a due process claim, *see Burford v. State*, 845 S.W.2d 204 (Tenn. 1992), this court has held that a "petitioner's lack of knowledge that he had grounds for a petition for post-conviction relief until after the statute of limitations had run cannot defeat the application of the statute of limitations." *Howard Templeton v. State*, No. 01C01-9406-CC-00220, slip op. at 3 (Tenn. Crim. App., Nashville, Jan. 3, 1995). Petitioner Templeton claimed in that case that his trial counsel misinformed him that his 35 percent release eligibility date meant that he "would be released" upon serving 35 percent of his sentence and that he did not learn of the misstatement until his parole was denied following the release eligibility date. *Id.* Nevertheless, this court held that the post-conviction petition filed beyond the statute of limitations was barred and said, "To hold otherwise would defeat the purpose of the statute of limitations in protecting the State's interest in preventing the litigation of stale and fraudulent claims and in ensuring administrative efficiency and economy." *Id.* In like manner, we hold that the instant petitioner's claim of counsel misrepresentation is barred by the statute of limitations.

We now turn to the petitioner's issue that he should have been allowed to proceed with his claim pursuant to the Post-Conviction DNA Analysis Act of 2001. *See* Tenn. Code Ann. §§ 40-30-401 through -413 (Supp. 2001). At the outset, we note that the Act contains no explicit statute of limitations. *Cf. id.* § 40-30-202(a) (1997) (establishing one-year post-conviction statute of limitations that governs petitions pursuant to Part 2 of Title 40, Chapter 30 (Post-Conviction Procedure Act)); *id.* § 40-30-401 (Supp. 2001) (Post-Conviction DNA Analysis Act of 2001 set forth in Part 4). Persons convicted of certain crimes may petition the trial court and request "forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence"; even so, petitioners convicted of burglary or theft may only file the petition "at the direction of the trial judge." *Id.* § 40-30-403 (Supp. 2001). A trial court shall order the DNA analysis if it finds that:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

---

[3]The 1990 effective sentence resulted from at least eleven convictions for burglary or larceny.

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

*Id.* § 40-30-404 (Supp. 2001). When a petition is filed, the court "may in its discretion make such other orders as may be appropriate." *Id.* § 40-30-411 (Supp. 2001).

In our view, the post-conviction judge did not abuse his discretion in declining to "direct" the advancement of the petitioner's DNA analysis request. In his petition, the petitioner sought analysis of "[some] items in state possession which were used as '[prosecution exhibits]' to convict Petitioner . . . [and] can prove his innocence through DNA analysis. The test results would show the identity of the real perpetrator of said crimes." The petition then requested discovery "from the state in order to fully identify the items . . . which are best suited for DNA analysis."

These allegations utterly fail to demonstrate bases upon which the post-conviction court could make the findings required by Code section 40-30-404, and accordingly, they fail to state a claim pursuant to the Act. We hold that the trial court did not err in summarily dismissing this claim.

Having now reviewed all of the issues raised by the petitioner on appeal, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE